UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DANIELS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON WIRELESS,<br><br>　　　　Defendant. | Case No. 25-cv-06720-SI<br><br>**ORDER GRANTING APPLICATION TO PROCEED IFP, DENYING MOTION FOR TRO, AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 5, 8 |

On August 8, 2025, plaintiff "Daniels, Brandon-Q, agent for BRANDON DANIELS" filed the initial complaint in this action, a motion for a temporary restraining order ("TRO"), and an application to proceed *in forma pauperis* ("IFP"), or without prepaying the Court filing fee. Plaintiff sues defendants Verizon Wireless (Cellco Partnership d/b/a Verizon Wireless) and Verizon Executive Relations. The complaint alleges that in April and July 2025 plaintiff "transmitted a lawful tender of payment and remittance coupon to Defendant VERIZON WIRELESS in satisfaction of the alleged past-due account balance" but that defendant failed to process or accept the payment and disconnected plaintiff's service on or about July 27, 2025. Dkt. No. 1 at 10.[1]

The Court **GRANTS** the application to proceed IFP but will not order service of process at this time. The statute which authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to "dismiss the case at any time if the court determines that . . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

---

[1] Because the complaint does not have page numbers, the Court refers to the ECF-stamped page numbers at the top right-hand corner of the page.

U.S.C. § 1915(e)(2)(B).

The Court concludes that the complaint fails to state a claim for several reasons. First, it is unclear who exactly is the plaintiff. "[T]he living man Daniels, Brandon-Q, by Special and Restricted Appearance" brings suit "in the private capacity as Authorized Agent for the legal fiction/entity/trust commonly referred to as BRANDON DANIELS (hereinafter 'the Principal') . . . ." Dkt. No. 1 at 2. It is unclear whether Daniels, Brandon-Q (the agent) and BRANDON DANIELS (the principal) are the same person. If they are not, then Daniels, Brandon-Q may only appear on behalf of BRANDON DANIELS if the former is an attorney actively licensed and in good standing with the California State Bar and admitted to practice in the Northern District of California. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.") (citation omitted); *see also* Civ. L.R. 11-1; https://cand.uscourts.gov/attorneys/admission-to-practice/. This is so even if the latter has executed a power of attorney. *See DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004) (citations omitted).

Second, the papers repeatedly indicate that plaintiff does not consent to this Court's jurisdiction, even though plaintiff is the one who chose to file suit here in federal court. *See* Dkt. No. 1 at 2-6. The papers state that plaintiff reserves, among other things, "[t]he right to challenge jurisdiction at any time." *Id.* at 6. When a plaintiff files suit in federal court, he necessarily consents to that Court's jurisdiction. "Filing the complaint constitutes consent to jurisdiction 'for all purposes for which justice to the defendant requires his presence.'" Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 3-D § 3:65 (quoting *Adam v. Saenger*, 303 U.S. 59, 67-68 (1938)).

Additionally, at least some of the claims that plaintiff brings are legally defective.[2] Plaintiff's second claim is brought under 15 U.S.C. § 1692(e) & (f). Subsection (f) does not exist, and subsection (e) is a statement of the purpose of the statute. The statute, the Fair Debt Collection

---

[2] The Court gives the following illustrations to show some of the ways in which the complaint fails to state a claim. This does *not* mean that any claims not addressed here are viable, and the Court may revisit those claims in a future order.

1    Practices Act, "makes it unlawful for debt collectors to use abusive tactics while collecting debts
2    for others." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F.2d 1186, 1201 (E.D. Cal. 2013) (citation
3    omitted). The complaint here fails to allege that defendants are "debt collectors" collecting debts
4    for others within the meaning of the statute. *See id.* at 1201-02.

5          Plaintiff's sixth claim is brought under 42 U.S.C. § 1983. To state a claim under § 1983, a
6    plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of
7    the United States was violated and (2) that the alleged violation was committed by a person acting
8    under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*,
9    811 F.2d 1243, 1245 (9th Cir. 1987). It does not appear that the defendants here are state actors for
10   purposes of § 1983. A private entity generally does not act under color of state law. *See, e.g.,*
11   *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020) (private university was not a
12   state actor even though it received federal and state funds, the receipt of the funds was conditioned
13   on compliance with federal and state anti-discrimination laws and it could lose government funds
14   for failure to comply with the law).

15         Plaintiff's seventh claim is brought under 15 U.S.C. § 78j(b), which governs the purchase or
16   sale of securities, as defined by 15 U.S.C. § 78c(a)(10). Nothing in the allegations of the complaint
17   pertains to the purchase or sale of securities.

18         Because the complaint fails to state a claim for the reasons stated above, the Court
19   **DISMISSES** the complaint.

20         For the same reasons that the Court finds the complaint fails to state a claim, the Court
21   **DENIES** plaintiff's motion for a temporary restraining order. In order to obtain a temporary
22   restraining order or a preliminary injunction, plaintiff "must establish that he is likely to succeed on
23   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
24   balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat.*
25   *Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Jones v. H.S.B.C. (USA)*, 844
26   F. Supp. 2d 1099, 1099 (S.D. Cal. 2012) (standard for granting a temporary restraining order is
27   similar to standard for granting a preliminary injunction). Based upon the record before this Court,
28   plaintiff has not shown that any of the *Winter* factors tip in his favor.

1    The Court will allow plaintiff an opportunity to amend the complaint to try to correct the problems described above.  **Any amended complaint must be filed by October 14, 2025.**  If plaintiff amends the complaint, then it means that plaintiff consents to this Court's jurisdiction, including the Court's ability to rule on the merits of the case and issue a final judgment.  If plaintiff files an amended complaint, the Court will determine whether plaintiff has stated a claim, and if so, the Court will direct the U.S. Marshal to serve the amended complaint on defendants.  If plaintiff does not file an amended complaint that fixes the problems described above, the Court will close this case.

The Court also advises plaintiff that free legal assistance, but not representation, is available at the Northern District's Legal Help Center (415-782-8982), and at https://cand.uscourts.gov/pro-se-litigants/.

## CONCLUSION

The Court GRANTS plaintiff's application to proceed *in forma pauperis* (Dkt. No. 8).  The Court DENIES plaintiff's motion for a temporary restraining order (Dkt. No. 5).  The Court DISMISSES the complaint, with leave to amend.  Plaintiff's amended complaint is due by October 14, 2025.

**IT IS SO ORDERED**.

Dated:  September 23, 2025

SUSAN ILLSTON
United States District Judge