UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON DANIELS,

    Plaintiff,

v.

VERIZON WIRELESS, et al.,

    Defendants.

Case No. 25-cv-06720-WHO

**ORDER DENYING MOTION TO VACATE REASSIGNMENT AND FOR ASSIGNMENT TO ANOTHER JUDGE AND SCREENING AMENDED COMPLAINT**

Re: Dkt. No. 13

On September 23, 2025, the Hon. Susan Illston issued an order granting plaintiff Brandon Daniels's application to proceed in forma pauperis. Dkt. No. 9. Judge Illston also screened the complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed it and denied Daniels' motion for a temporary restraining order. *Id*. Judge Illston concluded that Daniels failed to state a claim because: (1) it was unclear who the plaintiff in the case was; (2) he repeatedly refused consent to this court's jurisdiction, despite filing his complaint in this court; (3) he did not state a claim for violation of the federal Fair Debt Collection Practices Act ("FDCPA") and did not plausibly allege defendants were debt collectors under the FDCPA; (4) defendants were not state actors under 42 U.S.C. § 1983; and (5) he stated no claim for securities fraud under 15 U.S.C. § 78j(b). *Id*.

Daniels filed an Amended Complaint on October 14, 2025. Judge Illston recused herself and the case was randomly reassigned to me. Dkt. Nos. 11, 13.

### I. MOTION TO VACATE REASSIGNMENT

Daniels moves to vacate the reassignment order and requests that a new judge be assigned to the case. Dkt. No. 13. He argues that reassignment to me was improper under 28 U.S.C. §§ 144 and 455 because in a previous case I handled where he was a party, Daniels filed an Affidavit of Judicial Bias and Motion for Recusal against me. Motion to Vacate [Dkt. No. 13]; *see also*

Case No. 3:25-cv-05686-WHO, *Richmond Essex LP v. Daniels*, Dkt. No. 26. Daniels contends that "because this case involves substantially the same parties and subject matter, reassignment to the same judge defeats the purpose of random and impartial assignment mandated by General Order No. 44." Motion at 1. He also asserts that because he filed a prior recusal motion against me, I must disqualify myself from this new proceeding under 28 U.S.C. § 455(a). *Id*.

The motion to vacate the reassignment is DENIED. If this second case involves substantially the same parties and subject matter as the first case, then the second case would be appropriate for reassignment to me as a related case under the District's Civil Local Rules. *See* Civ. L.R. 3-12(a) ("An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."). Potential relatedness cannot be a ground for my recusal from this randomly reassigned second case.

As to the appearance of bias based on Daniels's motion in the prior case, 28 U.S.C. § 455 provides that a judge should disqualify himself in certain circumstances, including where "his impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Under 28 U.S.C. § 144, when a party believes a judge has a personal bias or prejudice either against him or in favor of an adverse party, the party may seek disqualification by filing an affidavit stating, "the facts and the reasons for the belief that bias or prejudice exists." The judge in question must determine whether the affidavit "specifically alleges facts stating grounds for recusal"; if so, the motion "must be referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

The standard under both sections is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Id*. The only ground for recusal or bias is my prior denial of his motion to recuse in the prior case. That is insufficient.

2

**II.    SUFFICIENCY OF AMENDED COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B),**

Where a plaintiff is seeking to proceed in forma pauperis under 28 U.S.C. § 1915, as here, the court must "independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226–27 n.5 (9th Cir. 1984), abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319 (1989). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

As noted, Judge Illston dismissed Daniels's Complaint under 28 U.S.C. § 1915(e)(2)(B), because Daniels's Complaint failed to state a claim. Judge Illston identified the deficiencies with the Complaint but gave him leave to amend. September 2025 Order, Dkt. No. 9. In his Amended Complaint ("AC," Dkt. No. 10), Daniels sues Verizon Wireless and "Verizon Executive Relations" for violations of: (1) the "Federal Reserve Act"; (2) 12 U.S.C. § 1431 (outlining the powers and duties of banks); (3) the Bills of Exchange Act 1882 (a British law); (4) Uniform Commercial Code ("UCC") § 3-603, governing tender of payments; and (5) 42 U.S.C. § 1983. *See* AC at ECF pg. 3.

The only acts by defendants that Daniels identified are that he attempted to give "a lawful tender of payment and remittance coupon" to Verizon in satisfaction of his past-due account balance and Verizon rejected the tender. AC at ECF pgs. 4-6. He alleges that Verizon failed to accept his "lawful tender" and disconnected his phone, which gave rise to "unjust enrichment, securities fraud & discrimination." *Id*. at ECF pg. 5. He admits that he filed complaints about Verizon's conduct with both the Federal Communications Commission ("FCC") and the Securities & Exchange Commission ("SEC"). *Id*. Based on that conduct, he argues that Verizon has been unjustly enriched, committed securities fraud, and has discriminatorily deprived him of his civil rights. As relief, he seeks damages for Verizon's attempts to collect on his past due account, an order preventing Verizon from collecting on this account, and to correct debt information submitted to consumer reporting agencies.

Daniels fixed one of the deficiencies identified by Judge Illston: it is clear in the AC that

3

1  he is suing pro se on his own behalf.  Other deficiencies identified by Judge Illston remain:
2  Verizon is not a state actor and, therefore could not have been acting "under color of state law" as
3  required for a Section 1983 discrimination claim, and none of the alleged facts could support a
4  claim for securities fraud.  *See* September Order at 3.  Those causes of action must be dismissed,
5  again.[1]  In addition, the newly alleged claims fail for the reasons that follow.

First, the "Federal Reserve Act" governs the Federal Reserve bank.  Daniels alleged no factual or legal connection between Verizon and the Federal Reserve.

Second, 12 U.S.C. § 1431 governs the powers and duties of federally governed banks.  Daniels alleges no factual or legal connection between Verizon and banks.

Third, the Bills of Exchange Act 1882 is a British law, and provide no cause of action against Verizon.

Fourth, the Uniform Commercial Code ("UCC") § 3-603 claim fails, even if considered under the California Uniform Commercial Code section 3606, because there is no evidence that Daniels attempted to pay the full amount of his debt to Verizon.  He alleges that he submitted a "remittance coupon" but does not submit proof that he sent Verizon a check or money order or other method of payment of the debt in full.  *See* AC ECF pgs. 4-5 & Exs.1-3.

Fifth, his allegations regarding Verizon's failure to accept payment do not support a claim for unjust enrichment.

Finally, Daniels admits that he has filed a complaint against defendant with the FCC about Verizon's failure to accept payment and termination of his cell phone plan.  *See* AC, Exhibit 8.  Federal law provides that a consumer may file a dispute against their wireless carrier with the FCC or may file a complaint in federal court.  A consumer may not, as Daniels has done here, do both.  *See Stiles v. GTE Sw. Inc.*, 128 F.3d 904, 907 (5th Cir. 1997) ("A complainant can file a complaint either with the FCC or in federal district court, but not in both.").

Daniels' Amended Complaint is dismissed again under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  Because Daniels had chosen to seek relief against Verizon through the

---

[1] Daniels does not reassert causes of action under 15 U.S.C. § 1692.

FCC's complaint process, AC Ex. 8, he may not also seek relief through a complaint in Federal Court.  Therefore, this case is DISMISSED with prejudice.  The Clerk shall enter judgment.

**IT IS SO ORDERED.**

Dated: November 18, 2025

William H. Orrick
United States District Judge